## Watkins, et al. v. Southern National Bank of Richmond.

(Decided October 24, 1924.)

### Appeal from Franklin Circuit Court.

1. Bills and Notes—Statement by Maker of Note that Certain Person would Sign Note Not Notice of Conditional Signature of Another.—Statement of maker of note, when he mailed it to bank, that certain person would call and sign it did impose on bank duty of communicating with another person who had signed it, to ascertain that he did so as surety, on condition that person mentioned to bank would also sign, in view of Ky. Stats., section 3720b, subsection 32.

2. Witnesses—Where Defendant Testified he Thought Note was Executed for Certain Purpose Until Certain Date, Cross-Examination to Show he Knew Before Such Date Admissible.—Where defendant testified he signed note as surety, with understanding that note was to raise money to pay certain debt, and that he first learned, on April 11th, that it had not been so applied, it was proper to cross-examine him with reference to contract made by him on April 7th, conclusively showing that he then knew money had not been applied on such debt.

WM. L. WALLACE and B. G. WILLIAMS for appellants.

BURNHAM & GREENLEAF and LESLIE MORRIS for appellee.

Opinion of the Court by Drury, Commissioner— Affirming.

The Southern National Bank of Richmond, Kentucky, recovered of Lavinia R. Watkins, G. C. Watkins and James A. Wallace, $2,000.00 with interest from March 24, 1921, upon a note of that date, due four months thereafter.

Wallace claims that he signed only as surety and as a matter of accommodation to his co-defendants; that he received no pecuniary or financial benefit whatsoever from signing as surety; that it was represented to him by his co-defendants at the time of signing same that they were to obtain cash on the note, when as a matter of fact it was to be used as a renewal of a former note held by plaintiff against said Watkins and V. M. Gaines for $2,500.00, dated January 13, 1920, that he signed upon understanding with his co-defendants that he was signing upon the express condition that V. M. Gaines should also sign as surety before any one should use said note, and that the plaintiff had notice of his conditional signing as surety. This allegation was denied by reply.

There was only one issue raised by the pleadings, and this issue was the question of notice to the appellee of the conditional signature of Wallace. Yet, notwithstanding this fact, the appellant undertook to show that he had signed the note for the purpose of paying off another note to a Beattyville bank, on which he was bound and which had been reduced to judgment.

The only testimony offered on the real issue between the parties by appellant was the witness Watkins. Watkins testified that when he mailed the note to the bank he stated that V. M. Gaines would call and sign the note. It is contended that this amounted to notice that the note was conditionally signed by Wallace. He further testifies that after the receipt of the note he received a letter from the cashier of the bank, which is copied into the transcript, in which the cashier stated that this was not the understanding, and wanted to know if it was necessary for Gaines to sign the note. He testified that in response to this letter he called the bank cashier up and had a conversation with him, but is not positive as to what was said in this conversation. The bank cashier testified positively and unequivocally that he never had any telephone conversation with Watkins after he received the note.

The appellant himself, by counsel, offered the instruction given by the lower court, and this instruction accurately and briefly states the law upon the issue as presented by the pleadings and proof.

Taking the note under the circumstances that it did, the bank was under no duty to investigate or communicate with Wallace upon the subject. If his signature were in fact conditional, it was his duty to have com-

municated the fact to the bank. This could have been easily and simply done by writing on the note itself that he was not to be bound unless V. M. Gaines signed it.

The rule that should be applied to a case of this kind is the rule laid down in section 3720b, subsection 32, of the Kentucky Statutes.

The exact question presented in this case has been decided by this court in a number of cases. These cases are all reviewed in Deering v. Veal, 25 Ky. L. R. 1809, 78 S. W. 886, where the court lays down the law exactly as stated in the instructions in this case.

The only testimony introduced which is complained of by appellant Wallace, is that he was cross-examined with reference to a contract made by him and Watkins on April 7, 1921. This testimony was clearly competent and was made competent by the appellant himself. He testified that he thought the money was to be applied to the payment of the Beattyville debt, and that he first learned that it had not been applied on April 11. This contract shows conclusively that at least on April 7, he knew that it had not been so applied, because in this contract the Beattyville debt is specifically referred to as an unpaid obligation, and Wallace assumes to pay it.

No testimony is pointed out that the court improperly refused to permit to go to the jury. The trial court allowed appellant the widest latitude in putting facts beneficial to him before the jury.

There is no issue of law presented. It is solely a question of fact as to whether the bank had actual notice that Wallace had signed the note conditionally. This issue was submitted to the jury upon instructions offered by appellant, and of which no complaint is made, and the jury found against the appellant. No reason is shown why the finding of the jury should be disturbed.

The judgment is affirmed.